IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS

| | |
|---|---|
| In re: | |
| Mission Group Kansas, Inc.<br>dba Wright Career College | Case No. 16-20656<br>Chapter 7 |
| 10700 Metcalf Avenue<br>Overland Park, Kansas 66210<br>Tax ID# 48-1153519 | |
| Debtor. | |

**DEBTOR'S MOTION FOR ORDER AUTHORIZING THE DEBTOR TO FILE UNDER SEAL CERTAIN SCHEDULES AND STATEMETNS OF FINANCIAL AFFAIRS AND A <u>REDACTED VERSION OF THE CREDITOR MATRIX</u>**

Debtor Mission Group Kansas, Inc. dba Wright Career College ("Debtor") by and through its counsel Neil S. Sader of The Sader Law Firm respectfully requests the entry of an Order pursuant to Section 107(c) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtor to file under seal (i) Schedule A/B43 of certain of the Debtor's Schedules of Assets and Liabilities; (ii) names and addresses of certain of the Debtor's former students listed as creditors in Schedule E/F; and (iii) names and addresses of the Debtor's former students listed in its Creditor Matrix. In support of this Motion the Debtor respectfully states as follows:

**Procedural Background**

1.  On April 15, 2016 (the "Petition Date"), Debtor filed its voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Kansas.

2.  On April 15, 2016 Carl Clark was appointed the Chapter 7 Trustee for Debtor.

1

3. A date has not been set for the initial Meeting of Creditors under Section 341(a) of the Bankruptcy Code.

4. This is a core proceeding pursuant to 28 U.S.C. § 157.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

**Debtor's Background**

7. Debtor was founded in 1921 under the name Dickinson Business School. Dickinson was created to train typists for work in the Kansas City area. Dickinson expanded to offer secretarial programs in 1953, focusing on a new shorthand system. In 1982 Dickinson received accreditation from the Accreting Council for Independent Colleges and Schools and in 1989 began to open additional campuses.

8. In 1990 the school's name was changed to Wright Business School. In 1994 the Debtor was founded as a not-for-profit corporation and acquired Wright Business School in 1995. At that time Wright operated campuses in Lenexa, Kansas and Oklahoma City, Oklahoma. In 2004 Debtor opened a campus in Tulsa, Oklahoma. In 2007 Debtor changed its trade name to Wright Career College and added an Academic Associate degree program. In 2011 Debtor opened campuses in Wichita, Kansas and Omaha, Nebraska. In 2012 Debtor added a Bachelor's Degree program at all campuses.

9. Prior to its closure, Debtor employed approximately 200 faculty members and had approximately 900 active students on its 5 locations.

10. On the Petition Date, Debtor filed a redacted version of its Creditor Matrix. The Creditor Matrix is not complete as it does not include certain of the Debtor's former students' names and addresses. Debtor has prepared a complete Creditor Matrix to file under seal with Court

authority. Debtor is also preparing its Schedules and Statement of Financial Affairs ("SOFA") to be filed shortly. Debtor requests certain of the information in the Schedules and SOFA not be included. Contemporaneously with filing its Voluntary Petition, the Debtor brings the instant Motion.

**Relief Requested**

11.     By this Motion, Debtor seeks the entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), authorizing the Debtor to file under seal (i) Schedule A/B43 of certain of the Debtor's Schedules; (ii) references to former students' names and addresses listed in Schedule E/F; and (iii) references to former students' names and addresses listed in the Creditor Matrix.

**Basis for Relief Requested**

12.     The Bankruptcy Code and the Bankruptcy Rules authorize this Court to limit the disclosure of certain confidential information to protect entities from potential harm. Section 107(c) of the Bankruptcy Code provides, in relevant part, as follows:

> "The bankruptcy court, for cause, may protect an individual with respect to the following types of information to the extent the court finds the disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
>> (A) Any means of identification…contained in a paper filed, or to be filed, in a case under this title."

11 U.S.C. § 107(c)(1).

13.     Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may seek an order protecting the disclosure of confidential information. Bankruptcy Rule 9018 provides, in relevant party, as follows:

> "On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade

3

secret or other confidential research, development or commercial information…or (3) to protect governmental matters that are made confidential by statute or regulation."

Fed. R. Bankr. P. 9018

14. The Court has broad authority to issue a protective order under Bankruptcy Rule 9018. *See In re Global Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) ("When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad – 'any order which justice requires.' The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice.").

## The Customer Lists and Student Addresses

15. Schedule A/B43 requires the Debtor to provide "Customer Lists or Other Compilations Continuing Personally Identifiable Information…provided to the Debtor by Individuals in Connection with Obtaining a Product or Service from the Debtor Primarily for personal, family or household purposes." The Debtor's most recent student list may be considered a "Customer List", and as such, the Debtor is filing its student lists in an abundance of caution. In addition, certain of the Debtor's former students are creditors of the Debtor's estate. As such, these former students have been listed on Schedule E/F but have not been filed. Finally, the Debtor has included certain of its former students in the Creditor Matrix to ensure that these individuals receive notices that are served on all potential creditors. That complete Matrix has not been filed.

16. The Customer Lists and the former students' addresses should not be publicly filed pursuant to Bankruptcy Code Section 107(c) as they contain the Debtor's former students' personally identifiable information. Public disclosure of such information could create undue risk of identity theft or other unlawful injury to the former students.

4

17. In addition, pursuant to the Family Educational Rights and Privacy Act, educational institutions are required to obtain written permission from a parent or eligible student in order to release any information from the student's education record. *See* 20 U.S.C. § 1232(g). Certain of the information that would be included in the Customer Lists may qualify as the type of information that would require written consent to reveal. Therefore, an order authorizing the Debtor to file this information under seal would be consistent with Bankruptcy Rule 9018.

## CONCLUSION

WHEREFORE, the Debtor requests entry of an order pursuant to Section 107(c) of Title 11 of the United States Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure authorizing the Debtor to file under seal (i) Schedule A/B43 of certain of the Debtor's Schedules of Assets and Liabilities; (ii) names and addresses of certain of the Debtor's former students listed as creditors in Schedule E/F; and (iii) names and addresses of the Debtor's former students listed in its Creditor Matrix and any other and further relief as is just and proper.

DATED: April 15, 2016          THE SADER LAW FIRM

By: */s/ Bradley D. McCormack*
Bradley D. McCormack, KS#21527
2345 Grand Boulevard, Suite 2150
Kansas City, Missouri 64108-2663
816-561-1818
816-561-0818
Direct Dial: 816-595-1802
bmccormack@saderlawfirm.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served upon all appropriate parties by the U.S. Bankruptcy Court's ECF System on this 15th day of April, 2016.

*/s/ Bradley D. McCormack*
Bradley D. McCormack

s:\mission group kansas, inc. dba wright career college\pleadings\motion to file under seal 040716.docx